# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Marty Palacio,

              Plaintiff,     Case No. 19-12572

v.     Judith E. Levy
    United States District Judge

Eagleview Logistics Corp.,

    Mag. Judge Stephanie Dawkins
             Defendant.     Davis

_____/

## ORDER GRANTING MOTION TO EXTEND SUMMONS DEADLINE [3]

Plaintiff Marty Palacio filed the complaint in this matter on August 30, 2019. (ECF No. 1.) Plaintiff alleges that Defendant Eagleview Logistics Corp. unlawfully discriminated against Plaintiff because of Plaintiff's disability. (*Id.* at PageID.3.)

On September 3, 2019, this Court issued a summons for Eagleview Logistics Corp. (ECF No. 2.) The summons was set to expire on December 3, 2019, ninety days after issuance. Fed. R. Civ. P. 4(m). On December 2, 2019, Plaintiff filed a motion requesting a thirty-day extension to serve the complaint. (ECF No. 3.) Plaintiff asserted that he had hired a process

server and attempted to serve Defendant multiple times, "to no avail." (*Id.* at PageID.15.) Because Plaintiff provide no evidence to demonstrate that he had attempted to serve Defendant, the Court ordered Plaintiff to show good cause for extension of service. *See Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994).

On December 19, 2019, Plaintiff responded to the show cause. (ECF No. 5.) Though Plaintiff did not provide the requested evidence that he had unsuccessfully attempted to serve Defendant, Plaintiff did indicate that Plaintiff's counsel erroneously believed that the time limit for service was 120 days, rather than the ninety days as amended in the 2015 Federal Rule of Civil Procedure 4(m). (*Id.* at PageID.30.) Plaintiff also alleged that he was able to successfully serve Defendant within the 120-day timeframe, and that a thirty-day extension would render this service timely. Plaintiff finally requested that, even if this Court does not find good cause for extension of service, that this Court exercise its discretion to extend the timelines because "Plaintiff's matter would be time barred if the Court were to dismiss [it]," resulting in "severe[] prejudice[] . . . without the ability to refile." (ECF No. 5, PageID.31.)

District courts must extend service time if plaintiffs show good cause for a failure to serve, Fed. R. Civ. P. 4(m), and *may* extend service time even if plaintiffs cannot show good cause. Fed. R. civ. P. 4(m) adv. comm. note to 1993 amendment. Whether good cause exists is within "the sound discretion of the district court." *Habib*, 15 F.3d at 73.

The 1993 Advisory Committee Notes to Rule 4(m) contemplate several circumstances where good cause may not exist and yet district courts should exercise discretion to extend the service timeline. In one case, "[r]elief may be justified" where, as here, "the applicable statute of limitations would bar the refiled actions." *See Stewart v. Tennessee Valley Authority*, No. 99-5723, 2000 WL 1785749 at *1 (6th Cir. Nov. 21, 2000) ("[T]he court has discretion to permit late service even absent a showing of good cause.").

The Court finds that this case presents one such circumstance contemplated by Rule 4(m)'s 1993 Advisory Committee. By failing to provide evidence of his attempts to serve Defendant, Plaintiff fails to show good cause as a result of Defendant's evasion. *Habib*, 15 F.3d at 73. Nor has Plaintiff's attorney shown good cause by arguing that he misread Rule 4(m). *See, e.g.*, *Turley v. Ackley*, No. 3:07-cv-205, 2008 WL 820393

at *2-3 (N.D. Ohio March 25, 2008) (attorney misunderstanding of the law is not good cause for failure to serve).

However, Rule 4(m)'s Advisory Committee Notes encourage leniency in circumstances where a denial of service extension would result in severe prejudice to a plaintiff's case, even if no good cause exists for the extension. Fed. R. civ. P. 4(m) adv. comm. note to 1993 amendment; *see also Stewart*, 2000 WL 1785749 at *1 (upholding a denial of service extension in part because plaintiffs did not show "real prejudice" as a result of the dismissal). In this case, Plaintiff alleges that he would be time-barred from bringing his claim if the Court were to dismiss him, making this dismissal a de facto "with prejudice." Plaintiff additionally alleges that he has already perfected service, and that a thirty-day extension would render this service timely. For these reasons, and because the Rules counsel that courts should not punish time-sensitive plaintiffs for attorney service errors, the Court will exercise its discretion to extend the summons deadline by thirty days, to expire on January 3, 2020.

IT IS SO ORDERED.

| | |
|---|---|
| Dated: January 2, 2020<br>Ann Arbor, Michigan | s/Judith E. Levy<br>JUDITH E. LEVY |

United States District Judge

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, January 2, 2020, using the Electronic Court Filing system and/or first-class U.S. mail.

s/William Barkholz
Case Manager